UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NO. 12-81347-CIV-MARRA

MATTHEW SPARGER and
EQUILLA SPARGER,

      Plaintiffs,

v.

NEWMAR CORPORATION,
CUMMINS INC., and
SPARTAN MOTOR CHASSIS, INC.,

      Defendants.
_____/

### OPINION AND ORDER

      This cause is before the Court upon Defendant Cummins Inc.'s Motion to Strike Plaintiff's

Demand for Jury Trial (DE 48).  The Motion is ripe for review.  For the reasons stated below, the

Motion to Strike Demand for a Jury Trial is **GRANTED**.

### I. Background

      On August 1, 2009, Plaintiffs purchased a Newmar 2008 King Aire DSL recreational vehicle

("RV") for $477,977.96.  The RV contained an engine manufactured by Defendant Cummins, Inc.

("Cummins").  Cummins provided Plaintiffs with an express written warranty of the engine.

Plaintiffs contend that they experienced problems with the RV early and often, that the engine is

defective, and that Cummins elected not to perform the necessary repairs.

      On September 25, 2012, Plaintiffs initiated this action against Newmar Corporation, the

manufacturer of the RV, Spartan Motor Chassis, Inc., the chassis supplier, and Cummins in state

court, and Defendants removed on the basis of diversity of citizenship jurisdiction, 28 U.S.C. §

1332(a).  Thereafter, Plaintiffs have settled their claims with  Newmar Corporation and Spartan

Motor Chassis, Inc., leaving Cummins as the only remaining Defendant.  Plaintiffs bring two claims against Cummins: breach of warranty (Count III), and violation of the Magnuson-Moss Warranty Enforcement Act, 15 U.S.C. 2301, *et seq.* (Count IV).  (DE 1).  Plaintiffs acknowledge that approximately $18,000 in repair costs have been covered by the warranty.  Resp., p. 2, n. 3 (DE 84).  However, Plaintiffs are seeking a refund of their purchase price adjusted for the use of the RV and reduced by the amount paid in settlement by other Defendants.  Plaintiffs are also seeking attorney's fees.   In connection with these claims for relief, Plaintiff has demanded a trial by jury.  Defendant seeks to strike that demand.

## II.  Legal standard

The Seventh Amendment to the United States Constitution states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII.

Thus, the Seventh Amendment guarantees the right to a jury trial in "[s]uits at common law" where the amount in controversy exceeds twenty dollars.  *Id.*  The Seventh Amendment governs proceedings in federal courts, even when jurisdiction over the case is based on the diversity of citizenship.  *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 418 (1996).

The purpose of the Amendment was to preserve the right to a jury trial as it existed in 1791, at the time the Bill of Rights became effective.  *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 579 (1990) (Brennan, J., concurring in part).  The courts interpret the phrase "[s]uits at common law" to include common law as well as statutory causes of actions in which legal rights are determined.  *Tull v. United States*, 481 U.S. 412, 417 (1987).  In contrast, if only equitable

2

rights are being adjudicated, the case is not a "suit at common law" under the Seventh Amendment. *See id.* at 417-18. Accordingly, the court must engage in a two-step analysis when determining whether a right to a jury trial exists in a civil case. *Id.* First, the court must compare the causes of action before it to the 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Terry*, 494 U.S. at 565. Second, the court must examine whether the nature of the remedy sought is legal or equitable. *Id.* The second inquiry is more important. *Id.*

### III. Discussion

Here, the issue is whether Plaintiffs enjoy a right to a jury trial on their claims for a breach of warranty under the Florida Uniform Commercial Code and the federal Magnuson-Moss Act when Plaintiffs seek a refund of the purchase price and attorney's fees. The Court finds that there is no right to a jury trial on these claims.

A body of law governing the liability of sellers who sold goods disappointing to the buyers has existed in England since the medieval times. 1 The Law of Prod. Warranties § 1:1. Until the second half of the 18th century, a breach of warranty was a tort action for deceit. *See Shippen v. Bowen*, 122 U.S. 575, 583 (1887); *Strika v. Netherlands Ministry of Traffic*, 185 F.2d 555, 558 (2d Cir. 1950) (citing *Stuart v. Wilkins*, 1 Dougl. 19 (Mich. 1778), 99 Eng. Rep. 15). Thereafter, it became possible to bring a cause of action for assumpsit to obtain redress for a breach of warranty. *See Stuart v. Wilkins*, 1 Dougl. 19 (Mich. 1778). An action of assumpsit is generally used to enforce an obligation to pay money embodied in an express or implied contract. *Archawski v. Hanioti*, 350 U.S. 532, 534 (1956). Thus, before a separate cause of action for a breach of warranty evolved, an action sounding either in tort or contract was available to establish liability for a breach of warranty. *Schuchardt v. Allens*, 68 U.S. 359, 368 (1863); *Shippen v. Bowen*, 122 U.S. 575, 583 (1887).

Assumpsit was a legal remedy at common law.  *See Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, (2002).  Likewise, a tort action was an action at law.  *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999).

However, in this case Plaintiffs are essentially looking for the rescission of the purchase transaction.  "An action for rescission is an equitable proceeding, and as such it carries no right to a jury trial."  *Scheurenbrand v. Wood Gundy Corp.*, 8 F.3d 1547, 1551 (11th Cir. 1993).  Thus, the remedy sought in this case is equitable in nature, and Plaintiffs do not have a right to a jury trial.  *See Hart v. Newmar Corp.*, 08-81128-CIV, 2009 WL 2151210, at *2 (S.D. Fla. July 16, 2009) (no right to a jury trial where plaintiff brought a claim for a breach of warranty under the Magnuson-Moss Warranty Act and sought diminution in value of a motor home); *Powers v. Lazy Days RV Ctr., Inc.*, 8:05CV1542-T-17-EAJ, 2006 WL 1890188, at *2 (M.D. Fla. July 10, 2006) (no right to a jury trial where plaintiff brought a claim for a breach of warranty under the Magnuson-Moss Warranty Act and Fla. Stat. § 320.835 and sought a revocation of acceptance of an offer to purchase a recreational vehicle); *Chmura v. Monaco Coach Corp.*, 8:04-CV-2054-T24MAP, 2005 WL 1705469, at *3 (M.D. Fla. July 19, 2005) (no right to a jury trial where plaintiff sought revocation of acceptance of an offer to buy a motor home); *see also Chrysler Corp. v. Pitsirelos*, 721 So. 2d 710, 716 (Fla. 1998) (Overton, J., concurring in part and dissenting in part) (no right to a jury trial exists under the Florida Lemon Law because the statute provides for the equitable remedies of replacement and refund); *but see Love v. Kenneth Hammersley Motors Inc.*, 263 Va. 45, 49-50, 556 S.E.2d 764, 766 (Va. 2002) (applying Virginia law and finding that the lower court erred in not treating the case as an action at law where plaintiff sought monetary damages upon revocation of acceptance under the Virginia Uniform Commercial Code and attorney's fees pursuant to the Magnuson-Moss Warranty Act).

Lastly, there is no constitutional right to have a jury decide whether to award attorneys' fees.

*Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1578 (11th Cir. 1990).

**IV. Conclusion**

Because Plaintiff is seeking equitable, as opposed to legal, relief, Defendant Cummins Inc.'s Motion to Strike Plaintiff's Demand for Jury Trial (DE 48) is **GRANTED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of August, 2014.

_____
KENNETH A. MARRA
United States District Judge